UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEKOVEN JOHNSON,<br><br>        Petitioner,<br><br>        v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>        Respondent. | NO. CV 16-8826-SJO (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On November 29, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction and the resulting lengthy prison sentence. Because he previously challenged the same underlying state-court judgment here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition and must dismiss it.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in the Central District.

The Petition indicates that Petitioner was convicted of attempted murder, with a gun-use enhancement, in 2002 and sentenced to 68 years to life, plus 20 years for the enhancement. (Petition at 2.)

On May 26, 2006, petitioner filed a Petition for Writ of Habeas Corpus in this Court in case number CV 06-3263-JSL (RC) (*Johnson I*). Petitioner challenged the same 2002 state court judgment. On July 3, 2007, the Court accepted the Magistrate Judge's Report And Recommendation and denied the habeas petition with prejudice. On September 11, 2007, the Court denied a certificate of appealability. (Dkt. Nos. 18, 24, 25, 30 in *Johnson I*.)

Petitioner filed a Notice of Appeal, and the Ninth Circuit granted a certificate of appealability in its case number 07-56369. (Dkt. Nos. 28, 34 in *Johnson I*.) On November 19, 2009, the appellate court denied relief and, three months later, denied Petitioner's motion for rehearing. (*See* Dkt. Nos. 29, 30, 31 in 9th Cir. Case No. 07-56369.) On March 22, 2010, the Supreme Court denied his petition for certiorari. (*See* Dkt. No. 35 in 9th Cir. Case No. 07-56369.)

On August 9, 2013, Petitioner filed a second petition in this Court, again challenging the 2002 judgment, in case number CV 13-5818-JSL (AGR) (*Johnson II*). The Court dismissed *Johnson II* for lack of jurisdiction as successive and denied a certificate of appealability, on September 18, 2013. (*See* Dkt. Nos. 1, 4, 5, 6 in *Johnson II*).)

On October 31, 2013, Petitioner applied for the Ninth Circuit's leave to file a second or successive petition in case number 13-73843. That court denied the application on March 18, 2014. (*See* Dkt. Nos. 1, 10 in 9th Cir. Case No. 13-73843.)

On November 29, 2016, Petitioner filed the current Petition. Petitioner challenges the same 2002 judgment.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a successive petition challenging the same 2002 conviction and sentence imposed by the same judgment of the state court as in *Johnson I* and *II*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: December 12, 2016

_____
S. JAMES OTERO
United States District Judge